UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| London Bry Cortes, | ) | C/A No. 6:09-1155-HFF-WMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | *Report and Recommendation* |
| | ) | |
| United States Postal Service, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

### *Background of this Case*

This is a civil action filed by a *pro se* plaintiff. Under Local Rule 73.02(B)(2), pretrial proceedings in this action have been referred to the undersigned United States Magistrate Judge.

In an order (Entry No. 13) filed in this case on May 5, 2009, the undersigned directed the plaintiff to answer Special Interrogatories relating to exhaustion of administrative remedies. The plaintiff has done so. Hence, the above-captioned case is now "in proper form."

This is an employment discrimination case concerning a petition for reinstatement with the United States Postal Service. The plaintiff was given a forced disability retirement from the United States Postal Service in 1997. The plaintiff has requested reinstatement with the United States Postal Service, but has not been granted reinstatement. The Special Interrogatories answered by the plaintiff (Entry No. 16) reveal

that the plaintiff is alleging racial discrimination in this case, but has not filed an administrative charge with the Equal Opportunity Commission (EEOC) with respect to his most recent request for reinstatement.

### *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* pleadings. The review[1] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[2] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are

---

[1]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a petition or complaint to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's or petitioner's legal arguments for him or her, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

The above-captioned case is subject to summary dismissal because the plaintiff did not file an administrative charge with respect to his request for reinstatement. *See* Entry No. 16. Under 42 U.S.C. § 2000e-16, the Postmaster General and the United States Equal Employment Opportunities Commission (EEOC) established procedures for handling grievances and complaints of employment discrimination. The Code of Federal Regulations, Title 29 (Labor) governs. An employee or person seeking employment, believing that a discriminatory practice has occurred, must consult an EEO Counselor within forty-five (45) days of the occurrence or adverse employment action. 29 C.F.R. § 1614.105(a)(1). This deadline may be extended if an individual shows extenuating circumstances, including denial of notification of time limits or lack of awareness of them

or some prevention of action despite due diligence. 29 C.F.R. § 1614.105(a)(2). If the consultation period does not produce a resolution of the claim, the individual is notified in writing of the right to file a complaint (administrative charge). This complaint of discrimination (administrative charge) must be filed within fifteen (15) days from receipt of the notice. 29 C.F.R. § 1614.106(b).

A complaint (administrative charge), once accepted, is normally to be investigated within one hundred eighty (180) days, after which a claimant may request a hearing and decision from an administrative judge or a final decision. 29 C.F.R. § 1614.108 (e) and (f). From the administrative judge or final agency decision, the claimant receives an EEOC Form 573. 29 C.F.R. § 1614.110. Appeal then is taken from the agency to the Office of Federal Operations (OFO) of the EEOC under 29 C.F.R. § 1614.401, *et seq*. Finally, within ninety (90) days from receipt of the EEOC final action, the claimant is authorized to file a civil action in an appropriate United States District Court. 29 C.F.R. § 1614.407.

The United States Court of Appeals for the Fourth Circuit has "long held that receipt of, or at least entitlement to, a right-to-sue letter is a jurisdictional prerequisite that must be alleged in a plaintiff's complaint." *Davis v. North Carolina Dept. of Corrections*, 48 F.3d 134, 136-137 (4th Cir. 1995). Hence, where the complaint does not allege that the plaintiff has complied with Title VII's prerequisites, "the plaintiff has not 'properly invoked the court's jurisdiction under Title VII.'" *Id.* (*quoting United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979)). This district court, therefore, cannot exercise jurisdiction over the plaintiff's Title VII claims.

### *Recommendation*

Accordingly, it is recommended that the District Court summarily dismiss the above-captioned case *without prejudice* and without issuance and service of process for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1915. *See also In Re Prison Litigation Reform Act*, 105 F.3d 1131 (6th Cir. 1997) (pleadings by prisoners *and* non-prisoners should also be screened); and *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-364 (2nd Cir. 2000) ("District courts . . . are . . . capable of determining when an action is frivolous. Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources."). The plaintiff's attention is directed to the important Notice on the next page.

May 12, 2009                                             s/William M. Catoe
Greenville, South Carolina                       United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 10768**
**Greenville, South Carolina 29603**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).